UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-7904** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Mortgage Factory L.L.C.'s motion for summary judgment is **GRANTED**. (Document # 11.)

### I. BACKGROUND

Deborah Jackson's home suffered severe damage from wind and flood as a result of Hurricane Katrina. Jackson filed a petition for damages in Civil District Court for the Parish of Orleans, State of Louisiana, against Allstate Insurance Company (Allstate), her homeowner's insurance provider; Mortgage Factory L.L.C. (Mortgage Factory), her mortgage lender; James Williams, an insurance agent for Allstate;[1] Charles D. Glenn Jr. Insurance Agency, Inc. and Charles D. Glenn, Jr., her flood insurance agent (Glenn); Certain Underwriters at Lloyd's London, Glenn's errors and omissions provider; and Fidelity Insurance Company (Fidelity), the

---

[1] An unopposed motion for summary judgment in favor of James F. Williams was granted by Judge Zainey on January 4, 2008.

flood insurance provider. She alleges that Allstate failed to adjust and pay the policy limit of $60,000 on her totally destroyed property, Mortgage Factory failed to obtain the correct amount of insurance on property that is worth $100,000, Fidelity and Glenn failed to obtain adequate coverage for the contents of her property, and the insurers breached the contracts and failed to pay the claims in good faith.

The defendants removed the case to federal court. Mortgage Factory filed a motion for summary judgment dismissing the claims against it.

## II. BACKGROUND

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### B. Bad faith claims

Mortgage Factory contends that it cannot be found liable for bad faith claims arising under the Louisiana insurance Code, specifically La. Rev. Stat. 22:658, La. Rev. Stat. 22:658.2,

La. Rev. Stat. 22:695, and La. Rev. Stat. 22:1220. Mortgage Factory contends that it is not an insurance company, is not in the business of making contracts of insurance, and did not issue any insurance policy to Jackson. Mortgage Factory argues that it did nothing more than fund the loan to plaintiff so that she could refinance her house.

Jackson concedes that Mortgage Factory is not an insurance company and that it is not subject to the insurance statutes. Accordingly, Mortgage Factory is entitled to judgment as a matter of law on the bad faith claims.

**C.  Duty to procure insurance**

Jackson alleges in the complaint that Mortgage Factory procured homeowner's insurance from Allstate on her behalf and breached its duty to obtain the correct amount of insurance. In her sworn declaration, Jackson states that her real estate agent introduced her to Linda Knowles with Mortgage Factory. As part of the financing process, Knowles told Jackson that she needed her signature on insurance paperwork. According to Jackson, later that day, two women went to Jackson's workplace at Crossroads Lounge and Restaurant and delivered the paperwork for Jackson to sign. Jackson states that she was told that the paperwork was the insurance on her house for fire and flood.

Mortgage Factory argues that it had no duty to procure insurance and that it never agreed to procure any insurance. Mortgage Factory supports its argument with the affidavit of Nick Siener, its president. Seiner states that Mortgage Factory never agreed to procure any insurance for Jackson and that it did no more than require that Jackson, as the purchaser of the property, provide proof of insurance as a condition of funding the loan.

Louisiana Revised Statute 6:1124 provides, in relevant part, the basis for establishing a fiduciary relationship between a financial institution and its customer:

> No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary.

Jackson has not presented evidence of a written agreement to establish that Mortgage Factory assumed any fiduciary duty to obtain insurance for Jackson. Further, she has not demonstrated any other basis for the creation of a fiduciary relationship or duty. Accordingly, there are no disputed issues of material fact, and Mortgage Factory is entitled to judgment as a matter of law dismissing Jackson's claim for failure to procure insurance.

New Orleans, Louisiana, this __25th__ day of March, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**